**The ALABAMA COUSHATTA TRIBE OF TEXAS, Plaintiff,**

**v.**

**The UNITED STATES of America, Defendant.**

**Cong. Ref. No. 3–83.**

United States Claims Court.

Feb. 10, 1986.

Don B. Miller, Boulder, Colo., for plaintiff.

Patricia Weiss, with whom was Asst. Atty. Gen., F. Henry Habicht II, Washington, D.C., for defendant.

### ORDER ON DEFENDANT'S MOTION TO DISMISS

WHITE, Hearing Officer.

House Resolution 69, 98th Congress, 1st Session, referred H.R. 1232, 98th Congress, 1st Session, to the Chief Judge of the United States Claims Court, and directed him to "proceed with the same in accordance with the provisions of sections 1492 and 2509 of title 28 of the United States Code."

H.R. 1232 is a bill which, if enacted, would authorize the payment of an unspecified sum of money for the benefit of the Alabama Coushatta Tribe of Texas[1] and the Coushatta Tribe of Louisiana, respectively, in full settlement of all claims of the two tribes "arising from the taking by the United States of land owned or occupied by such tribes without payment for such lands of compensation agreed to by such tribes, and claims based upon fair and honorable dealings that are not recognized by any existing rule of law or equity, and other claims which otherwise, except for the

---

1. The resolution and the bill use the plural "Tribes" in connection with the Texas group of Indians, but the Texas group uses the singular "Tribe" in its complaint.

lapse of time and the failure to timely file, would have been compensable under the Indian Claims Commission Act, section 70 of title 25 of the United States Code."

The two tribes subsequently filed separate complaints with the Chief Judge of the Claims Court.

The present proceeding relates to a motion filed by the United States to dismiss the claim of the Alabama Coushatta Tribe of Texas, on the ground that "this court lacks jurisdiction over the subject matter."

In the introduction to its memorandum in support of the motion to dismiss, the defendant states as follows:

In this Congressional Reference, the Alabama Coushatta Tribe of Texas sues for failure of the government to recover its aboriginal lands from third parties. The government moves to dismiss because that claim is outside the scope of the referring legislation and therefore beyond the jurisdiction of the Court.

■ The complaint filed by the Alabama Coushatta Tribe of Texas, after asserting that it lost possession of most of its aboriginal land due to the actions of third parties, contains in paragraph 10 a sentence stating that "The United States continues to fail in its duty and obligation to the Tribe in that it has never taken steps to recover the land for the Tribe." If this sentence delimited the claim of the Texas tribe, it might be proper to advise the Congress that the Texas tribe's claim is invalid, inasmuch as the obligation of the United States to protect Indian tribal lands does not include any duty to recover such lands after they have been taken by third parties, even if the taking was wrongful. *See Seneca Nation of Indians v. United States,* 173 Ct.Cl. 912, 916 (1965).

■ The Texas tribe's claim, however, is based upon factual allegations much broader than the alleged failure of the United States to recover tribal land from third parties. The complaint alleges—and the allegations in the complaint must be regarded as true and correct in considering the motion to dismiss—that at the time

when Texas was admitted to statehood in 1845, and for a long time thereafter, the tribe exclusively used and occupied, and had aboriginal title to, a large area of land in East Texas, which now includes 17 named counties; that beginning at a time after Texas was admitted to the Union, the tribe lost possession of virtually all of its aboriginal land "through acts of third parties unauthorized by the United States"; and that the United States "failed in its duty and obligation to secure the Tribe in possession of its land as required by the Constitution, the Indian Nonintercourse Act, and federal common law," by failing "to lend any aid or assistance to the Tribe," and by permitting "the Tribe to be exploited and unconscionably deprived of possession of its land without payment of compensation."

In the prayer, the complaint asks that Congress be informed "(1) that the United States breached its fiduciary duty to protect the Tribe in possession of its lands, and (2) that Plaintiff is entitled to an award of all damages proximately caused by the United States' breach of trust * * *."

Thus, the sentence in the complaint stating that "The United States continues to fail in its duty and obligation to the Tribe in that it has never taken steps to recover the land for the Tribe" is a relatively minor part of the Texas tribe's claim.

H.R. 1232 proposes that the Congress recognize "claims based upon fair and honorable dealings that are not recognized by any existing rule of law or equity." Section 2 of the Indian Claims Commission Act (60 Stat. 1050; 25 U.S.C. § 70a (1976)) similarly authorized the recognition of claims by Indian tribes "based upon fair and honorable dealings that are not recognized by any existing rule of law or equity."

In a number of cases under the Indian Claims Commission Act, this court's predecessor, the United States Court of Claims, exercised jurisdiction to determine whether there was a special relationship between the United States and a claimant Indian tribe which imposed upon the United States an obligation of "fair and honorable deal-

ings" with respect to the protection of the lands of the claimant tribe, and, if so, whether the United States had adequately discharged such obligation (*e.g., Gila River Pima-Maricopa Indian Community v. United States*, 231 Ct.Cl. 193, 684 F.2d 852 (1982); *United States v. Northern Paiute Nation*, 203 Ct.Cl. 468, 490 F.2d 954 (1974); *United States v. Oneida Nation of New York*, 201 Ct.Cl. 546, 477 F.2d 939 (1973); *Seneca Nation of Indians v. United States, supra; Oneida Tribe of Indians of Wisconsin v. United States*, 165 Ct.Cl. 487, *cert. denied*, 379 U.S. 946, 85 S.Ct. 441, 13 L.Ed.2d 544 (1964).

It appears, therefore, that under the language of H.Res. 69 and H.R. 1232, previously quoted, and the provisions of 28 U.S.C. §§ 1492, 2509 (1982), the Chief Judge of the Claims Court may also exercise jurisdiction to determine and advise the House of Representatives: (1) whether the relationship between the United States and the Alabama Coushatta Tribe of Texas imposed upon the United States an obligation of "fair and honorable dealings" with respect to the protection of the tribe's aboriginal land; and if the first question is answered in the affirmative, (2) whether the United States adequately discharged such obligation; and if the second question is answered in the negative, (3) the amount of the damages sustained by the tribe because of the failure of the United States to discharge its obligation.

### Conclusion

For the reasons previously stated, it is concluded that the defendant's motion to dismiss the claim of the Alabama Coushatta Tribe of Texas should be, and it is hereby, denied.

IT IS SO ORDERED.